IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of the Complaint of Spirit Cruises, LLC as Owner of the M/V SPIRIT OF BALTIMORE for Exoneration from or Limitation of Liability | Civil Action No. ELH-16-4097 |

**MEMORANDUM**

On December 29, 2016, Spirit Cruises, LLC ("Spirit"), the owner of the M/V SPIRIT OF BALTIMORE (the "Vessel"), filed its "Verified Complaint For Exoneration From Or Limitation Of Liability," pursuant to the Limitation of Liability Act of 1851, *as amended*, 46 U.S.C. §§ 30501, *et seq*. ECF 1. The M/V SPIRIT OF BALTIMORE is a 119-foot passenger vessel (*id.* ¶ 3), which Spirit estimates to have a current value of $1.85 million. *Id.* ¶ 15; *see* ECF 1-2 (Condition and Valuation Survey) at 13. The Complaint arises out of events that occurred during the early morning hours of August 28, 2016, when the Vessel was under charter and "allided with a floating dock located at Henderson's Wharf in the Fells Point area of Baltimore City." ECF 1, ¶¶ 5-6.

With respect to the Limitation of Liability Act, jurisdiction is founded on 28 U.S.C. § 1333. *See* ECF 1. Section 1333 provides, in relevant part: "The district courts shall have original jurisdiction . . . of . . . Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." (Emphasis added).

On January 4, 2017, the Court issued an Order enjoining the commencement or further prosecution of actions and proceedings against plaintiff in connection with the voyage of the Vessel on August 28, 2016. ECF 3. The injunction has been in effect since that time.

On October 20, 2017, several claimants in this matter filed a Joint Motion to Modify Stay (ECF 92, "Motion"), seeking to modify the injunction against bringing suits in state court. Spirit opposed the Motion. ECF 97 ("Opposition"). Since the filing of the Motion, all but one of the claimants in this action have dismissed their claims. *See* Docket.

The remaining claimant, Stephanie Jones, filed a status report with the Court on January 24, 2018. ECF 102. In that status report, Jones reiterated her desire to file a state court action, and asserted that the fact that only one claimant remains means that the Court should lift the stay as to related suits. *Id.* Therefore, on January 24, 2018, the Court directed Spirit to submit a status report, indicating whether it continued to oppose the Motion in light of the fact that only one claimant now remains. ECF 103. Spirit responded on February 9, 2018, stating that it continues to oppose the Motion. ECF 104.

In support of its continued opposition, Spirit contends that Jones "has pursued unrealistic settlement demands," and that Jones "was merely awaiting an opportunity . . . to pursue a separate State Court proceeding." ECF 104 at 2. According to Spirit, "a serious inequity" would result if Jones were allowed to file a claim in state court. *Id.* But, Spirit does not identify the inequity. Spirit concedes, however, that there is only one remaining claimant and, as such, "Spirit's concern about the relative priority of [the] remaining claims and potential conflicts of interest no longer exists." *Id.*

As Spirit observed in its Opposition, there are "two exceptions to exclusive federal jurisdiction under which a claimant is allowed to pursue an action before a jury." ECF 97. Those are: "'(1) when the value of the limitation funds exceeds the total value of all claims asserted against the shipowner; or (2) when only one claim is asserted against the shipowners

and sufficient stipulations are filed.'" *In re Estate of Grandy*, 432 F. Supp. 2d 630, 633-34 (E.D. Va. 2006).

In *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001), the Supreme Court discussed the jurisdictional statute, and particularly the "saving to suitors" clause, in great detail. In that case, the Court considered whether a district court should have dissolved an injunction against a claimant (like the one in this case) that prevented the claimant from suing the vessel owner responsible for his injury in state court. *Id.* at 442-43. There, the Court emphasized that "to expand the scope of exclusive jurisdiction to prevent the state court actions 'would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the limitation fund is known to be more than adequate to satisfy all demands upon it.'" *Id.* at 450-51 (quoting *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957)). "Where the value of the vessel and the pending freight exceed the claims . . . there is no necessity for the maintenance of the action in federal court," especially where the claimant has stipulated that the claim would not exceed the value of the ship. *Id.* at 450 (citation omitted).

A similar circumstance is presented here. Jones is the claimant who remains. *See* Docket. And, claimant Jones has previously stated that the value of the Limitation Fund is "well in excess" of her claim. *See* ECF 98 at 5. Therefore, I am "satisfie[d] . . . that [the] vessel owner's right to seek limitation will be protected." *Lewis*, 531 U.S. at 545.

Although Jones has previously stipulated, when other claims were still pending, that her claim would not expose Spirit to liability in excess of the value of the Vessel (*see* ECF 92-2), Spirit has requested that she renew the stipulation as to her claim. ECF 104 at 3. This request is reasonable.

Accordingly, I shall GRANT the motion to modify the stay, thereby allowing Stephanie Jones to institute a proceeding in state court. The stay shall remain in effect as against any entry of judgment and consequent enforcement of any recovery achieved in state court or related proceedings. And, by March 9, 2018, the parties shall prepare and submit a revised Stipulation as to Stephanie Jones, as requested by Spirit. *See* ECF 104 at 3.

An Order follows, consistent with this Memorandum.

Date: February 21, 2018

/s/
Ellen Lipton Hollander
United States District Judge